UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| JENNIFER HO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:26-cv-00099-SRC |
| | ) | |
| ST. LOUIS COUNTY, MISSOURI et al., | ) | |
| | ) | |
| Defendants. | ) | |

### Memorandum and Order

Jennifer Ho, a self-represented litigant, sues St. Louis County and several state and county officials in their official capacities in connection with state juvenile custody proceedings. Doc. 9 at ¶¶ 1–24.  She moves for leave to proceed *in forma pauperis*, doc. 2, and for preliminary injunctive relief, doc. 3.  The Court previously denied Ho's request for a temporary restraining order.  Doc. 8.  Having reviewed Ho's motion to proceed *in forma pauperis*, the Court finds that she lacks sufficient funds to pay the filing fee.  *See* 28 U.S.C. § 1915(a)(1).  The Court therefore grants Ho's motion to proceed *in forma pauperis*.  Doc. 2.  But for the reasons stated below, the Court dismisses this action under 28 U.S.C. § 1915(e)(2)(B) and denies Ho's remaining request for preliminary injunctive relief as moot.

## I.      Background

Ho initiated this civil action on January 23, 2026.  Doc. 1.  She filed an amended complaint fourteen days later.  Doc. 9.  Ho's amended complaint completely replaces her original complaint.  *See In re Atlas Van Lines, Inc.*, 209 F.3d 1064, 1067 (8th Cir. 2000).

In her amended complaint, Ho alleges that in late September 2025 the Missouri Children's Division initiated a child-welfare investigation concerning her and her minor child.

Doc. 9 at ¶ 25.  She alleges that the Juvenile Office filed a juvenile petition in St. Louis County the next month and that the juvenile court entered an ex parte order restricting her custody.  *Id*. at ¶¶ 26–28.  Ho alleges the court then conducted a protective-custody hearing without providing her a meaningful opportunity to contest jurisdiction or present evidence.  *Id*. at ¶ 29.  She states that she later objected to the juvenile court's jurisdiction, but that the court never heard or ruled on her jurisdictional challenge.  *Id*. at ¶¶ 31–37.  Ho also asserts that the juvenile court clerk's office denied her access to the courts by failing to confirm and verify the status of her filings, *id*. at ¶¶ 38–52, and that the court clerk failed to provide her copies of the juvenile court record, *id*. at ¶¶ 53–56.  Ho then contends that after December 3, 2025—when she claims juvenile jurisdiction expired by operation of law under Missouri statutes and court rules—state and county officials continued to enforce custody restraints and a no-contact separation between her and her child.  *Id*. at ¶¶ 59–73.

Ho's allegations establish that the juvenile matter remains pending.  She alleges that the juvenile court conducted proceedings in January 2026 and that she filed a motion in the case as recently as January 16, 2026.  *Id*. at ¶¶ 42, 44–45, 52, 62, 64.  She does not allege that the state court dismissed the action or issued a final disposition.  Ho seeks declaratory and injunctive relief halting further state custody enforcement.  *Id*. at ¶¶ 111–16.

## II.      Standard

Under 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed *in forma pauperis* if the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." To sufficiently state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere

conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  A plaintiff must demonstrate a plausible claim for relief, which requires more than a "mere possibility of misconduct." *Id*. at 679.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the [C]ourt to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678 (citing *Twombly*, 550 U.S. at 556).

To determine whether a complaint states a plausible claim for relief, the Court must engage in "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. at 679 (citation omitted).  In doing so, the Court must "accept as true the facts alleged, but not legal conclusions." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016) (citing *Iqbal*, 556 U.S. at 678).

When reviewing a self-represented litigant's complaint under section 1915, the Court accepts the well-pleaded facts as true and liberally construes the complaint. *White v. Clark*, 750 F.2d 721, 722 (8th Cir. 1984) (per curiam); *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam).  A "liberal construction" means that, if the Court can discern "the essence of an allegation," the "[C]ourt should construe the complaint in a way that permits" the Court to consider the claim within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)).  Even so, self-represented plaintiffs must allege facts that, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980).  The Court need not assume unalleged facts. *Stone*, 364 F.3d at 914–15 (refusing to supply additional facts or to construct a legal theory for the self-represented plaintiff).  Nor must

3

it interpret procedural rules to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

## III.    Discussion

Ho asks this Court to halt further state custody enforcement. *See* doc. 9 at ¶¶ 111–16. Even accepting her allegations as true, this Court must abstain from interfering with ongoing state custody matters.

"Abstention is an exception to the general rule that 'federal courts ordinarily should entertain and resolve on the merits an action within the scope of a jurisdictional grant.'" *Oglala Sioux Tribe v. Fleming*, 904 F.3d 603, 610 (8th Cir. 2018) (quoting *Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 73 (2013)). The Supreme Court's line of cases beginning with *Younger v. Harris*, 401 U.S. 37 (1971), "counsels federal-court abstention when there is a pending state proceeding" of a certain type. *Oglala Sioux*, 904 F.3d at 610 (quoting *Moore v. Sims*, 442 U.S. 415, 423 (1979)). The Eighth Circuit has articulated a three-part inquiry for district courts to determine whether *Younger* abstention applies:

> First, does the underlying state proceeding fall within one of the three "exceptional circumstances" where *Younger* abstention is appropriate? Second, if the underlying proceeding fits within a *Younger* category, does the state proceeding satisfy what are known as the "*Middlesex*" factors? And third, even if the underlying state proceeding satisfies the first two inquiries, is abstention nevertheless inappropriate because an exception to abstention applies?

*Wassef v. Tibben*, 68 F.4th 1083, 1087 (8th Cir. 2023) (citation omitted).

Applying this test, the Court must first consider whether the state proceeding at issue falls within one of *Younger*'s "exceptional circumstances." *Id.* As relevant here, *Younger* applies to "civil enforcement proceedings that are 'akin to a criminal prosecution' in 'important respects.'" *Oglala Sioux*, 904 F.3d at 610 (quoting *Sprint*, 571 U.S. at 79). In deciding whether the state proceeding falls into this category, the Court must ask "(1) [W]as the action commenced by the

4

State in its sovereign capacity?  (2) Was the proceeding initiated to sanction the federal plaintiff for some wrongful act?  (3) Are there other similarities to criminal actions, such as a preliminary investigation culminating in the filing of formal charges?"  *Wassef*, 68 F.4th at 1088 (citation omitted).

The Eighth Circuit has previously held that state child-custody proceedings "are civil enforcement proceedings to which *Younger* principles apply."  *Oglala Sioux*, 904 F.3d at 610 (finding that *Younger* applied to South Dakota's temporary child-custody proceedings).  This is because (1) the State was party to the proceedings and initiated them by filing a petition; (2) state law provided for an investigation by the State upon reported abuse or neglect; and (3) the proceedings were "closely related to criminal statutes and potentially in aid of their enforcement" because they served the purpose of "protecting the child from abuse or neglect."  *Id.* (citation omitted).

Similarly here, Missouri law provides for the Children's Division of the Missouri Department of Social Services to conduct investigations into child abuse or neglect allegations.  *See* Mo. Rev. Stat. §§ 210.109, 210.145, 210.183.  Upon receiving information regarding alleged child abuse or neglect, the juvenile officer of the local circuit court may then file a petition to initiate custody proceedings in juvenile court.  *See* Mo. Rev. Stat. § 211.447.  The purpose of Missouri's child-welfare protocols is to, among other things, "[e]nsur[e] the well-being and safety of the child in instances where child abuse or neglect has been alleged."  Mo. Rev. Stat. § 210.145.  Thus, the Court finds that Missouri's child-custody proceedings "are civil enforcement proceedings to which *Younger* principles apply."  *Oglala Sioux*, 904 F.3d at 610.

Second, the Court must consider whether the state proceeding satisfies the factors set forth in *Middlesex County Ethics Committee v. Garden State Bar Ass'n*, 457 U.S. 423 (1982).

*See Wassef*, 68 F.4th at 1087.  These factors include (1) whether there is "an ongoing state judicial proceeding," (2) whether that proceeding "implicates important state interests," and (3) whether the proceeding provides the federal plaintiff "an adequate opportunity to raise federal challenges." *Id.* (citing *Middlesex*, 457 U.S. at 432–35).

Applying those factors here, the Court notes that the child custody proceedings involving Ho appear to be ongoing, as she does not allege that the proceedings reached a final disposition. *See, e.g.*, doc. 9 at ¶ 64.  Next, the Court notes that proceedings involving child welfare and custody implicate important state interests.  *See Moore*, 442 U.S. at 435 (noting that "[f]amily relations are a traditional area of state concern").  Lastly, although Ho alleges that she has no "meaningful" state forum to obtain relief, doc. 9 at ¶¶ 1, 99, the Court finds that the state proceeding provides Ho with an adequate opportunity to raise her federal challenges.

The Eighth Circuit has held that "[t]he availability of mandamus relief is sufficient to show that state proceedings provide an adequate opportunity to litigate federal claims." *Oglala Sioux*, 904 F.3d at 613.  In Missouri, when a court acts outside of its jurisdiction, a party may challenge the court's actions via a writ of mandamus or a writ of prohibition.  *See State ex rel. Vacation Mgmt. Sols., LLC v. Moriarty*, 610 S.W.3d 700, 701 (Mo. 2020) ("Mandamus is a discretionary writ that is appropriate where a court has exceeded its jurisdiction or authority and where there is no remedy through appeal." (citation omitted)); *State ex rel. Bailey v. Sengheiser*, 692 S.W.3d 20, 22 (Mo. 2024) (noting that a writ of prohibition is appropriate "(1) to prevent the usurpation of judicial power when a lower court lacks authority or jurisdiction; (2) to remedy an excess of authority, jurisdiction[,] or abuse of discretion where the lower court lacks the power to act as intended; or (3) where a party may suffer irreparable harm if relief is not granted"); *see also* Mo. Const. art. V § 4 (authorizing Missouri appellate courts to issue these writs).

Ho is already aware of such relief, as she has filed petitions for writs of mandamus or prohibition in the Missouri Court of Appeals. *See* docs. 3-3, 3-5; doc. 9 at ¶¶ 58, 99. And although the Court of Appeals denied her petitions, *see* docs. 3-4, 3-6, Ho could have sought further relief by filing her writ petitions "in the next higher court"—i.e., the Missouri Supreme Court, *see Bartlett v. Mo. Dep't of Ins.*, 528 S.W.3d 911, 913 (Mo. 2017). Thus, the Court finds that the state proceedings provide Ho with a meaningful opportunity to assert her claims. *See Oglala Sioux*, 904 F.3d at 613. Ho's case therefore satisfies the *Middlesex* factors. *Wassef*, 68 F.4th at 1087 (citing *Middlesex*, 457 U.S. at 432–35).

Ho argues that abstention is nonetheless inappropriate because she seeks only "prospective relief to prevent Defendants from continuing to enforce custody restraints in the absence of lawful jurisdiction or constitutionally adequate process." Doc. 4 at 4. This relief, she argues, "targets enforcement conduct by executive actors"; it does not "seek to enjoin or supervise an ongoing state adjudicatory proceeding," nor does it target "the operation of the state court itself." *Id.* But Ho's requested relief would "interfere with the state judicial proceedings by requiring the defendants to comply with numerous procedural requirements at future . . . hearings." *Oglala Sioux*, 904 F.3d at 612. And, if the Court granted Ho's request for an injunction and any of the defendants failed to comply, they would be "subject . . . to potential sanctions for contempt of court," which would place the Court "in the position of conducting an ongoing 'federal audit'" of Missouri child-custody proceedings. *Id.* This would disrupt "the normal course of proceedings in state courts . . . just as would a request for injunctive relief from an ongoing state proceeding." *Id.* (citation modified). Thus, the Court finds Ho's argument unpersuasive. *See* doc. 4 at 4.

7

Finally, the Court must consider whether an exception to *Younger* applies. *Wassef*, 68 F.4th at 1087. Even where a federal court could otherwise abstain from an action, it should not do so "if there is a showing of 'bad faith, harassment, or some other extraordinary circumstance that would make abstention inappropriate.'" *Plouffe v. Ligon*, 606 F.3d 890, 892–93 (8th Cir. 2010) (quoting *Middlesex*, 457 U.S. at 435). An "extraordinary circumstance" may also exist where "a statute is 'flagrantly and patently violative of express constitutional prohibitions in every clause, sentence[,] and paragraph, and in whatever manner and against whomever an effort might be made to apply it.'" *Id.* at 893 (quoting *Trainor v. Hernandez*, 431 U.S. 434, 447 (1977)). Here, Ho does not plausibly plead bad faith or harassment on the part of Defendants, nor does she allege that any Missouri statute is unconstitutional. Thus, the Court abstains from considering Ho's claims for injunctive and declaratory relief.

## IV.    Motion for preliminary injunction

Ho also filed a motion for a temporary restraining order and preliminary injunction seeking substantially the same declaratory and injunctive relief requested in the amended complaint. Doc. 3 at 2–3. The Court previously denied Ho's request for a temporary restraining order but reserved judgment on her request for preliminary injunctive relief pending review of this action under section 1915. Doc. 8. Because the Court dismisses this action on initial review under section 1915(e)(2)(B), it denies as moot Ho's request for a preliminary injunction. Doc. 3.

## V.    Conclusion

For these reasons, the Court grants Ho's [2] motion to proceed *in forma pauperis* and dismisses this case without prejudice. The Court denies as moot Ho's [3] motion for preliminary

injunction.  The Court certifies that an appeal from this dismissal would not be taken in good

faith.  A separate order of dismissal accompanies this Memorandum and Order.

So ordered this 13th day of July 2026.

_____
STEPHEN R. CLARK
CHIEF UNITED STATES DISTRICT JUDGE

9